IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-66-F

| | | |
|---|---|---|
| DANIELA SMEDLEY, | ) ) ) ) | |
| Petitioner, | ) ) ) | |
| | ) ) | **ORDER** |
| v. | ) ) | |
| MARK A. SMEDLEY, | ) ) ) | |
| Respondent. | ) | |

This matter is before the court on the Petitioner's Motion for Costs and Attorney Fees [DE-43]. Respondent has filed a response in opposition [DE-44]. For the reasons set forth below, the motion is ALLOWED.

## I. RELEVANT PROCEDURAL HISTORY

Petitioner Daniela Smedley initiated this action by filing the Verified Petition Under Hague Convention Seeking Return of Children to Petitioner, Immediate Issuance of Show Cause Order to Respondent, and Hearing on the Merits [DE-1] ("Hague Petition"), seeking the return of her minor children, A.H.S. and G.A.S. (or, collectively, "the Children"), pursuant to The Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, T.I.A.S. No. 11670 U.N.T.S. 49 ("Hague Convention") and the International Child Abduction Remedies Act, 42 U.S.C. § 11601 *et seq.* ("ICARA"). The court initially called this matter for hearing on April 15, 2014. After allowing the Respondent's request for a continuance, the court continued the hearing until April 22, 2014. At the April 22, 2014 hearing, the court heard the testimony of Petitioner and Respondent. The court

also interviewed the children on the record *in camera* outside the presence of the parties and their counsel.

The court subsequently issued an order [DE-27] on April 28, 2014, which allowed the Hague Petition and awarded physical custody of the children for the purpose of returning them to their country of habitual residence, Germany. That order provided that Petitioner may file an application for attorneys' fees and expenses within 21 days. The next day, Respondent filed a Notice of Appeal to the Fourth Circuit Court of Appeals [DE-29]. The court consequently stayed the deadline for filing a motion pending the Fourth Circuit's issuance of a mandate [DE-32].

The Fourth Circuit affirmed this court in a published opinion. *See Smedley v. Smedley*, 772 F.3d 184 (4th Cir. 2014). After the Fourth Circuit issued its mandate, the court allowed Petitioner an additional 21 days to file a motion seeking expenses and costs. Petitioner timely filed her motion, and Respondent timely responded in opposition.

## II. DISCUSSION

Petitioner seeks an award totaling $48,672.98, which encompasses (1) her transportation and lodging expenses in the amount of $9,142.88; (2) costs in the amount of $710.10; and (3) attorney's fees in the amount of $38,820.00 for services rendered by her counsel on a pro bono basis.

ICARA provides:

Any court ordering the return of a child pursuant to an action brought under section 11603 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of the proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

42 U.S.C. § 11067(b)(3). Accordingly, under the plain language of the statute, this court has the duty

to order the payment of necessary expenses and legal fees unless Respondent shows that an award would be clearly inappropriate. "The purpose of encouraging courts to make this award is two-fold: first, to place the parties in the same condition they were in prior to the wrongful removal or retention of the child; and second, to deter future similar conduct." Federal Judicial Center, J. Garbolino, *The 1980 Hague Convention on the Civil Aspects of International Civil Aspects of International Child Abduction: A Guide for Judges* 129-30 (2012); *see also Neves v. Neves*, 637 F. Supp. 2d 322, 339 (W.D.N.C. 2009) (quoting Hague International Child Abduction Convention; Text and Legal Analysis, 51 Fed. Reg. 10494-01, 10511 (Mar. 26, 1986)). Nevertheless, courts have interpreted this provision to mean a prevailing petitioner "is presumptively entitled to necessary costs, subject to the application of equitable principles . . . ." *Ozaltin v. Ozaltin*, 708 F.3d 355, 375 (2d Cir. 2013).

In considering equitable principles, courts have found that a respondent's dire financial situation or inability to pay an award to be a factor that would render an award of costs "clearly inappropriate." *See Mendoza v. Silva*, 987 F. Supp. 2d 910, 916 (N.D. Iowa 2014) (collecting cases). Courts have also found a respondent's reasonable good faith basis for thinking that retaining the children was in accordance with the law of the children's habitual residence to be relevant in determining whether an award is "clearly inappropriate. *Id.* at 915 (collecting cases). Although some courts have declined to find an award of fees "clearly inappropriate" because a petitioner's counsel provided his or her services *pro bono*, others have still considered it as a factor militating against an award of fees. *Compare Cuellar v. Joyce*, 596 F.3d 505, 511 (9th Cir. 2010) ("Fee awards serve in part to deter frivolous litigation, and denying fees in this case would encourage abducting parents to engage in improper delaying tactics whenever the petitioning parent is represented by pro bono counsel. We see no reason to give abducting parents such a perverse incentive. Withholding fees from

3

pro bono counsel would also discourage pro bono representation and undermine the Convention's policy of effective and speedy return of abducted children.") *with Vale v. Avila*, No. 06-cv-1246, 2008 WL 5273677, 2008 WL 5273677, at *2 (C.D. Ill. Dec. 17, 2008) (recognizing that counsel was pro bono and petitioner had no outstanding bills for fees pertaining to the action and that "this fact does not, by itself, render an award of attorney fees clearly inappropriate, it is a factor that cuts against any such award").

Here, Respondent offers three arguments as to why an award of fees and costs would be "clearly inappropriate": (1) the hours claimed as to attorney's fees are excessive; (2) the supporting documentation for the attorney's fees contains unreasonably vague descriptions of the work; and (3) he acted in good faith. Although Respondent contends he opposes any award of costs and fees in their entirety, it appears to the court that only his third argument addresses the propriety of *any* award. The first two arguments address only the Petitioner's request for attorney's fees.

As to the third argument, Respondent is correct that a good faith belief may be a equitable factor to consider when determining whether an award is "clearly inappropriate." The case he cites in support of that proposition, however, is distinguishable from the instant case. In *Ozaltin*, the respondent mother removed her children from Turkey, their habitual residence, with a reasonable, good faith belief that orders from *Turkish courts* allowed her to do so. *See Ozaltin*, 708 F.3d at 375-76 (explaining that a series of orders from Turkish courts showed that the respondent had a reasonable basis that her removal of the children from Turkey was in fact in accordance with Turkish law). Here, Respondent attempts to rely on custody orders issued in the United States that fly in the face of the German courts' Hague Petition rulings and the provisions of the German divorce decree. The court understands that Respondent thoroughly disagrees with the German court's decision, at least as to the

4

Hague Petition. That disagreement, however, does not transform his belief that he could rely on the North Carolina court's orders—most of which were issued without process being served on Petitioner and some of which were issued *after* the German courts' decision on the Hague Petition—into a reasonable one. Accordingly, the court has little trouble in determining that Petitioner is entitled to recover her reasonable necessary expenses. The court has reviewed the affidavits submitted with Petitioner's motion, and agrees that $9,852 incurred by Petitioner for her travel/lodging expenses and by her law firm in court costs is reasonable and necessary to her efforts to have her children returned to Germany.

Respondent's latter two arguments are directed to an award of attorney's fees, as opposed to an award as a whole. The court is frank to say that it does not agree with Respondent's argument that Petitioner's counsel time records are unreasonably vague such that fees cannot be awarded. The court has reviewed the affidavit of Andrew Rinehart [DE-43-1], along with the attached detailed time records of the attorneys at the firm of Kilpatrick Stockton, LLP, and does not find them to be vague.

As to Respondent's argument that the hours requested were excessive, the court notes that Petitioner's counsel has voluntarily reduced the number of hours performed in this matter, by not seeking fees for the 66.3 hours contributed by Chad D. Hansen, who supervised attorneys in this action, or the 120 hours incurred by eight other attorneys who assisted with research, drafting of pleadings, and preparation for hearings and oral argument. Rather, Petitioner's counsel seeks fees only for the work performed by Andrew Rinehart and Thurston Webb. Even so, after considering the factors enumerated in *Daly v. Hill*, 790 F.2d 1071, 1075 (4th Cir. 1985),[1] the court agrees with

---

[1] In assessing the reasonableness of attorney's fees, the Fourth Circuit has stated that a district court's analysis must strictly apply the factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *as modified by Hensley v. Eckerhart*, 461 U.S. 424 (1983). *See Daly v. Hill*, 790 F.2d

5

Respondent that it is appropriate to reduce the requested hours for time Petitioner's counsel spent drafting the petition, preparing for the hearing before this court, preparing the appellate briefs, and preparing for oral arguments before the Fourth Circuit Court of Appeals. Accordingly, rather than 29.50 hours and 13.10 hours for drafting and preparing the petition and preparing for the hearing in this court, the court finds 14.25 and 6.55 hours respectively, to be reasonable. Similarly, rather than 45 hours for preparing the appellate brief and 42.60 hours for preparing for oral argument, the court finds 22.50 and 21.30 hours to be reasonable. After this reduction, the total hours attributable to Mr. Rinehart is 79.8, and to Mr. Webb is 74.3.

Given that these attorneys offered their services *pro bono* to Petitioner, the court finds it appropriate to reduce this total again by 75 percent. Again, the court is cognizant that the fact that Petitioner's lawyers provided their services pro bono does not make an award of attorney's fees inappropriate. Nevertheless, the fact that Petitioner has not personally incurred any of these legal fees does "assuage any concerns that an award of fees is necessary to restore Petitioner to the financial position [she] would have been in had there been no [retention]." *Aguilera v. De Lara*, No. CV-14-01209-PHX-DGC, 2014 WL 4204947, at *2 n.1 (D. Ariz. Aug. 25, 2014) (distinguishing the Ninth Circuit's opinion case in *Cuellar* because the instant case "involved no 'dogged refusal to give up custody . . . as required by the Hague Convection,' or 'litigation tactics . . . largely intended to manipulate judicial process for the purpose of delay'"or a petitioner living in abject poverty (quoting

---

1071, 1075 (4th Cir. 1985). The *Johnson* factors are: (1) the time and labor required to litigate the suit; (2) the novelty and difficulty of the questions presented by the lawsuit; (3) the skill required properly to perform the legal services; (4) the attorney's opportunity costs in pursuing the litigation; (5) the customary fee for such services; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the attorney's professional relationship with the client; and (12) awards in similar cases. *See id.* at 1075 n.2.

6

*Cuellar*, 603 F.3d at 1143)). The court finds that by requiring Respondent to pay a portion of the attorney's fees incurred by Petitioner's counsel in this matter, the purpose of deterring similar future conduct is satisfied. Consequently, the court finds that the reasonable number of hours Petitioner may claim is 19.95 hours for Mr. Rinehart, and 18.575 hours for Mr. Webb.

Turning to the issue of a reasonable hourly rate, the Fourth Circuit has counseled that a reasonable hourly rate is one that is at the "prevailing market rate[] in the relevant community." *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). The Supreme Court has explained that "[t]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 895 n.11.

Petitioner requests an hourly rate of $150 for Mr. Rinehart, who at the time of the hearings before this court in this matter had less than one year of legal experience, and $200 for Mr. Webb, who has been practicing with Kilpatrick Stockton since 2011, following federal district court and appellate court clerkships. In support of the requested hourly rates, Petitioner has proffered the affidavit of Mr. Rinehart, detailing both his and Mr. Webb's experience and qualifications. Additionally, Petitioner has submitted the affidavits of two attorneys who practice family law in Eastern North Carolina, as well as the North Carolina Bar Association's 2012 Economic Survey. Having reviewed these exhibits, the court finds the rates requested by Petitioner's counsel to be reasonable. Applying these reasonable rates, the court finds that Petitioner is entitled to an award of $6,707.50 in attorney's fees, and that these fees were reasonable and necessary to Petitioner's efforts to have her children returned to Germany.

## III. CONCLUSION

For the foregoing reasons, Petitioner's Motion for an Award of Costs and Attorney's Fees [DE-43] is ALLOWED, and Respondent Mark Smedley is ORDERED to pay (1) to Petitioner Daniela Smedley, $9,142.88 for lodging and transportation expenses and (2) to the law firm of Kilpatrick Townsend and Stockton $6,707.50 in attorney's fees and $710.10 for service of process fees, transcript fees and court costs, for a total reimbursement of $7,417.60.

SO ORDERED.

This the _31_ day of August, 2015.

_James C. Fox_
James C. Fox
Senior United States District Judge